UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

NANNETTE BROWN,

             Defendant.

**DECISION AND ORDER**
13-CR-80S (8)

On November 26, 2013, Defendant Nannette Brown waived indictment and pleaded guilty to a single-count felony information charging her with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 (h).  (Docket Nos. 145-148.)  On August 10, 2016, this Court sentenced Brown to 2-year term of probation, a $500 fine, a $100 special assessment, and no fees or costs.  (Docket No. 478.)  Now, in a pro se letter motion filed on March 7, 2022, Brown seeks to have her felony conviction expunged to facilitate her moving into a new job title as a nurse.  (Docket No. 731.)  Upon careful review, this Court finds that the motion must be denied.

"[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.'  In determining whether such circumstances exist, courts have considered the delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties."  United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (internal quotation marks and citations omitted).  "In considering these equities, courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the

1

unusual or extreme case." Id. at 539 (internal quotation marks and citation omitted).

Here, although this Court commends Brown's successful completion of probation and her pursuit of a new job opportunity, it finds that her case is not unusual or extreme. The desire to remove a felony conviction as an obstacle to finding certain employment is generally not a circumstance warranting expungement. See, e.g., United States v. Peterson, 06-CR-221S, 2020 WL 1530845, at *1 (W.D.N.Y. Mar. 31, 2020) (finding desire to find work insufficient to warrant expungement); United States v. Gaskin, No. 99-CR-158, 2010 WL 1221589, at *2 (E.D.N.Y. Mar. 25, 2010) ("While Defendant['s] record has caused him difficulty in finding employment—and even though he currently has the opportunity to become employed pending his record's expungement—adverse employment decisions are a result of arrest and conviction, and do not constitute grounds for expungement."); Slansky v. White, No. 96 Civ. 2338, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996) (same).

Although this Court finds that expungement is not justified under the law, Brown's post-conviction adjustment and dedication to the pursuit of higher employment is no less laudable or worthy of commendation.   Her motion, however, must be denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Expunge (Docket No. 731) is DENIED.

SO ORDERED.

Dated:   March 22, 2022
         Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge